In re Brian **SETZER**, Debtor.

Brian **SETZER**, Appellant,

v.

**HOT PRODUCTIONS, INC.**, Appellee,

and

**Arista Records Limited**, Intervenor-Appellee.

No. 85 CV 1626.

United States District Court, E.D. New York.

July 30, 1985.

Nachamie, Kirschner, Levine, Spizz & Goldberg, P.C., New York City by Marc Stuart Goldberg, New York City, for plaintiff-appellant.

Alan L. Spielman, Philadelphia, Pa., for defendant-appellee Hot Productions, Inc.

Bishop, Lieberman & Cook, New York City by David A. Strumwasser, Paul N. Silverstein, Edward S. Weisfelner, New York City, for intervenor-appellee Arista Records Ltd.

## MEMORANDUM AND ORDER

PLATT, District Judge.

Arista Records Limited ("Arista"), an intervenor on its own motion on this appeal, seeks an award for its attorneys' fees, costs and expenditures incurred in connection with this appeal from Brian Setzer ("Setzer"), the appellant, "on the grounds that such expenses [sic] were incurred as a direct result of Setzer's bad faith and the commencement of a frivolous appeal." Nolan Affidavit sworn to July 22, 1985 at 2.

Arguing persuasively that there "was no clear and convincing need for Arista to intervene in the appeal", because (i) its rights were fully protected by the record and the appellee's, Hot Productions, Inc. ("HPI"), opposition, (ii) if there were a reversal Arista could protect its interests in the Bankruptcy Court, and (iii) if there were an affirmance there would be no injury to Arista, Setzer claims that there should be no such award. Moreover, Setzer asserts that "Arista's intervention was self-serving" and "make work" solely for the purpose of attempting to exact the requested award from him.

Added weight is necessarily given to Setzer's arguments because at the time this appeal was taken by Setzer, Arista's dispute with Setzer had been rendered moot by the Bankruptcy Court's decision dismissing Setzer's Chapter 13 petition.

In a 26-page brief consisting of five points filed in opposition to Setzer's 50-page, five-point brief on this appeal, HPI argued very forcefully that the Bankruptcy Court was "correct and not clearly erroneous" in its decision, but then apparently settled its differences with Setzer, which as

indicated rendered Arista's dispute moot. We need not now, therefore, address the question of or speculate on whether HPI would have been entitled to any such fees and costs as to the whole or any part of the proceedings had the appeal been pursued to a conclusion affirming the Bankruptcy Court's decision, because, of course, it was not.

The cases cited by Arista awarding fees and costs on "an appeal brought frivolously or in bad faith" involve, without exception, awards to an appellee, not to an intervenor which voluntarily had sought to inject itself into the proceeding.

Finally, it might be noted that it is not exactly consistent or persuasive (or for that matter very flattering to appellee's counsel or even to this Court) for an intervenor to say on the one hand that appellant's appeal is "frivolous" and on the other hand that it is necessary for such party to intervene to assist appellee in its efforts to obtain an affirmance.

For the foregoing reasons, the intervenor's motion for attorneys' fees, costs and expenditures must be and the same hereby is denied.

SO ORDERED.